UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

LANZ D. HARWELL, JR.,

    Plaintiff,

v.                                      Case No. 20-CV-816

HANNA RITCHIE KOLBERG,

    Defendant.

## SCREENING ORDER

Plaintiff Lanz D. Harwell, Jr., an inmate confined at Green Bay Correctional Institution, filed a *pro se* complaint under 42 U.S.C. § 1983 alleging that defendant Hanna Ritchie Kolberg violated his rights under federal and state law. This order resolves Harwell's motion for leave to proceed without prepaying the filing fee and screens his complaint.

The court has jurisdiction to resolve Harwell's motion to proceed without prepaying the filing fee and to screen the complaint in light of Harwell's consent to the full jurisdiction of a magistrate judge and the Wisconsin Department of Justice's limited consent to the exercise of magistrate judge jurisdiction as set forth in the Memorandum of Understanding between the Wisconsin Department of Justice and this court.[1]

---

[1] Assistant district attorneys are employees of the State of Wisconsin, and so the Department of Justice would represent the defendant in this matter.

1. **Motion for Leave to Proceed without Prepaying the Filing Fee**

The Prison Litigation Reform Act (PLRA) applies to this case because Harwell was a prisoner when he filed his complaint. *See* 28 U.S.C. § 1915(h). The PLRA allows the court to give a prisoner plaintiff the ability to proceed with his case without prepaying the civil case filing fee. 28 U.S.C. § 1915(a)(2). When funds exist, the prisoner must pay an initial partial filing fee. 28 U.S.C. § 1915(b)(1). He must then pay the balance of the $350 filing fee over time, through deductions from his prisoner account. *Id.*

On June 3, 2020, the court ordered Harwell to pay an initial partial filing fee of $10.99. (ECF No. 5.) Harwell paid that fee on July 6, 2020. The court will grant Harwell's motion for leave to proceed without prepaying the filing fee. He must pay the remainder of the filing fee over time in the manner explained at the end of this order.

2. **Screening the Complaint**

   *2.1 Federal Screening Standard*

Under the PLRA, the court must screen complaints brought by prisoners seeking relief from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint if the prisoner raises claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

In determining whether the complaint states a claim, the court applies the same standard that applies to dismissals under Federal Rule of Civil Procedure 12(b)(6). *See Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017) (citing *Booker-El v. Superintendent, Ind. State Prison*, 668 F.3d 896, 899 (7th Cir. 2012)). To state a claim, a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The complaint must contain enough facts, accepted as true, to "state a claim for relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows a court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that someone deprived him of a right secured by the Constitution or the laws of the United States, and that whoever deprived him of this right was acting under color of state law. *D.S. v. E. Porter Cty. Sch. Corp.*, 799 F.3d 793, 798 (7th Cir. 2015) (citing *Buchanan–Moore v. Cty. of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009)). The court construes *pro se* complaints liberally and holds them to a less stringent standard than pleadings drafted by lawyers. *Cesal*, 851 F.3d at 720 (citing *Perez v. Fenoglio*, 792 F.3d 768, 776 (7th Cir. 2015)).

*2.2 Harwell's Allegations*

Harwell alleges that Kolberg, a former Milwaukee County assistant district attorney, filed false charges against him on July 11, 2019. Harwell explains that, on

3

July 24, 2019, while in intake court, he asked the court to correct the charges, which had been broadcast on Fox6 News, Facebook media, and in the *Journal Sentinel*. According to Harwell, the court said the charges were a mistake, and it would correct the issue. Harwell says the charges were not corrected for about seven months.

Harwell asserts that Kolberg defamed his character and slandered him. He seeks punitive damages because, according to Harwell, Kolberg's actions were motivated by evil intent or a callous indifference to his rights. He also seeks compensatory damages for pain and suffering and emotional distress.

*2.3 Analysis*

The U.S. Supreme Court held long ago that "[p]rosecutors are absolutely immune from suits for monetary damages under § 1983 for conduct that is 'intimately associated with the judicial phase of the criminal process.'" *Smith v. Power*, 346 F.3d 740, 742 (7th Cir. 2003) (quoting *Imbler v. Pachtman*, 424 U.S. 409, 430 (1976)). "A prosecutor is shielded by absolute immunity when [s]he acts 'as an advocate for the State'" and her acts are related "to the preparation and initiation of judicial proceedings." *Id.* (quoting *Buckley v. Fitzsimmons*, 509 U.S. 259, 273 (1993)). "[A]bsolute immunity shields prosecutors even if they act 'maliciously, unreasonably, without probable cause, or even on the basis of false testimony or evidence.'" *Id.* (quoting *Henry v. Farmer City State Bank*, 808 F.2d 1228, 1238 (7th Cir. 1986)).

Because Kolberg was acting as an advocate for the State when she filed charges against Harwell, she is shielded by absolute immunity. Under 28 U.S.C. § 1915A, the court must dismiss Harwell's complaint against her. *See* 28 U.S.C. § 1915A(b)(2) (a

4

court must dismiss a complaint if it "seeks monetary relief from a defendant who is immune from such relief").

3. Conclusion

**THEREFORE, IT IS ORDERED** that Harwell's motion for leave to proceed without prepaying the filing fee (ECF No. 2) is **GRANTED**.

**IT IS FURTHER ORDERED** that this case is **DISMISSED** under 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(2) because the complaint seeks monetary relief from a defendant who is immune from such relief.

**IT IS FURTHER ORDERED** that the agency having custody of Harwell shall collect from his institution trust account the $339.01 balance of the filing fee by collecting monthly payments from Harwell's prison trust account in an amount equal to 20% of the preceding month's income credited to his trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this case. If Harwell is transferred to another county, state, or federal institution, the transferring institution shall forward a copy of this Order along with his remaining balance to the receiving institution.

**IT IS FURTHER ORDERED** that a copy of this order be sent to the officer in charge of the agency where Harwell is confined.

**IT IS FURTHER ORDERED** that the Clerk of Court enter judgment accordingly.

This order and the judgment to follow are final. A dissatisfied party may appeal this court's decision to the Court of Appeals for the Seventh Circuit by filing in this court a notice of appeal within thirty days of the entry of judgment. *See* Fed. R. of App. P. 3, 4. This court may extend this deadline if a party timely requests an extension and shows good cause or excusable neglect for not being able to meet the thirty-day deadline. *See* Fed. R. App. P. 4(a)(5)(A).

Under limited circumstances, a party may ask this court to alter or amend its judgment under Federal Rule of Civil Procedure 59(e) or ask for relief from judgment under Federal Rule of Civil Procedure 60(b). Any motion under Federal Rule of Civil Procedure 59(e) must be filed within twenty-eight days of the entry of judgment. The court cannot extend this deadline. *See* Fed. R. Civ P. 6(b)(2). Any motion under Federal Rule of Civil Procedure 60(b) must be filed within a reasonable time, generally no more than one year after the entry of the judgment. The court cannot extend this deadline. *See* Fed. R. Civ. P. 6(b)(2).

A party is expected to closely review all applicable rules and determine, what, if any, further action is appropriate in a case.

Dated at Milwaukee, Wisconsin, this 14th day of July, 2020.

**BY THE COURT:**

_____
STEPHEN C. DRIES
United States Magistrate Judge

6

Case 2:20-cv-00816-SCD   Filed 07/14/20   Page 6 of 6   Document 8